Titcomb Unemployment Compensation Case.
Philadelphia Transportation Company, Appellant, *v.* Unemployment Compensation Board of Review.

Argued September 21, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Peter Platten,* with him *Edward G. Bauer, Jr.,* and *Hamilton C. Connor, Jr.,* and *Ballard, Spahr, Andrews & Ingersoll,* for employer, appellant.

*Sydney Reuben,* Assistant Attorney General, for Unemployment Compensation Board, appellee.

*Stanley M. Greenberg,* with him *Ochman and Greenberg,* for claimant, intervening appellee.

OPINION BY WATKINS, J., November 11, 1959:

In this unemployment compensation case benefits were granted to the claimant on the ground that there was no competent testimony in the record to substantiate the company's allegation that the claimant violated fare regulations and so was guilty of willful mis-

conduct under Section 402(e) of the Unemployment Compensation Law, 43 PS §802(e). The Bureau of Employment Security found the claimant ineligible; the Referee reversed the Bureau allowing benefits; and the Board of Review affirmed the referee.

The board found that the claimant, Harry Titcomb, was last employed by the Philadelphia Transportation Company on July 21, 1958; that he had been employed by the said company for approximately 12 years; that the company alleged that between July 2 and July 17, 1958 the claimant was observed violating fare box regulations on six occasions; that the claimant was called in and permitted to see the reports of the investigators, in the form of written slips, and he specifically denied each such accusation; and that he had never been warned concerning improper collection of fares since the present fare method was introduced. He was discharged on July 21, 1958. The board sustained the referee's refusal to admit the inspectors' slips into the evidence and his finding that there was no competent evidence to support the charge of willful misconduct.

The same collective bargaining agreement existed in this case as in the *Kozlowski Unemployment Compensation Case*, 191 Pa. Superior Ct. 83, 155 A. 2d 373 (1959), and the claimant did not proceed to the final phase of the grievance procedure by having the matter determined by an arbitration board. It might be pointed out that if an arbitration hearing had been held, the chairman of the arbitration board would at least be in a position to examine the investigators, as provided by the agreement, while before the lawfully constituted tribunal deciding unemployment compensation benefits the only proffered evidence was the hearsay slips.

The questions raised by this appeal in regard to the introduction of the inspectors' slips and the eviden-

tial efficacy of the collective bargaining agreement are basically the same ones raised and resolved in *Kozlowski Unemployment Compensation Case,* supra, where we reversed the Unemployment Compensation Board of Review when benefits had been denied the claimant in a similar factual situation, and held that a collective bargaining agreement could not abrogate any rights which accrued to an employee from the legislative mandate of the Unemployment Compensation Law and that a finding of fact cannot be sustained by the incompetent, hearsay testimony of the written slips of anonymous investigators.

Decision of the Unemployment Compensation Board of Review affirmed.